IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| GREGORIO DELGADO-SALINAS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:11cr281 |
| | ) | 1:13cv355 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Petitioner Gregorio Delgado-Salinas's ("Petitioner") Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 ("Motion"). [Dkt. 437.]  For the reasons set forth below, the Court will deny Petitioner's Motion.

## I. Background

In June 2010, during an undercover operation, law enforcement officers learned that Petitioner was the head of a drug distribution ring operating in Washington D.C. and Virginia.  (Aff. in Supp. of Compl. [Dkt. 2] ¶ 7.)  Subsequent investigation revealed that Petitioner used internal body couriers to smuggle cocaine from Mexico, which he would then distribute to customers throughout northern Virginia. (Indictment [Dkt. 48] at 2-5.)  On or about May 25, 2011,

1

Petitioner was arrested and charged with conspiracy to distribute five kilograms or more of cocaine, and possession of a firearm in furtherance of a drug trafficking crime. (*Id.* at 1.)

John C. Kiyonaga, an attorney licensed to practice in this jurisdiction, was appointed to represent Petitioner on these charges. (CJA Appointment [Dkt. 12] at 1.) Following plea negotiations, the Government offered to dismiss the weapons charge in exchange for a full plea to the conspiracy charge. (Kiyonaga Aff. [Dkt. 466-2] at 1.) Against counsel's advice, Petitioner rejected this deal. (*Id.*)

On August 26, 2011, while being arraigned on the above mentioned charges, Petitioner orally moved the Court to appoint new counsel. (Hr'g Mins. [Dkt. 52] at 1.) Unconvinced by Petitioner's argument, the Court denied Petitioner's request. (Order [Dkt. 55] at 1.)

On October 5, 2011, the Government filed an amended indictment with an additional distribution charge against Petitioner. (Superseding Indictment [Dkt. 58] at 1.)

Following additional negotiations, the Government offered to drop the distribution count in exchange for a guilty plea to the remaining charges. Petitioner elected to accept this deal and he signed a plea agreement to this effect on December 19, 2011. (Plea Agreement [Dkt. 187] at 1.) Among

2

other terms, this agreement contained a standard cooperation

provision:

> The parties agree that the United States
> reserves the right to seek any departure
> from the applicable sentencing guidelines,
> pursuant to Section 5K1.1 of the Sentencing
> Guidelines and Policy Statements, or any
> reduction of sentence pursuant to Rule 35(b)
> of the Federal Rules of Criminal Procedure,
> if, in its sole discretion, the United
> States determines that such a departure or
> reduction of sentence is appropriate.

(*Id.* at 9.)  Petitioner simultaneously signed a formal statement

of facts, in which he admitted that between June 2010 and May

2011 he knowingly and intentionally conspired with several other

individuals to distribute five kilograms or more of a substance

containing a detectable amount of cocaine.  (Statement of Facts

[Dkt. 188] at 2-3.)  Petitioner further stipulated to possessing

a firearm in furtherance of a drug trafficking crime.  (*Id.* at

1.)

On December 21, 2011, Petitioner appeared before this

Court and pled guilty to the above mentioned charges.  (Plea

Mins. [Dkt. 186] at 1.)  During the ensuing plea colloquy,

Petitioner affirmed that he had been given ample opportunity to

consult with his attorney and that he was fully satisfied with

the counsel, representation, and advice given.  The Court then

reviewed with Petitioner the constitutional rights he was

forfeiting by pleading guilty along with the facts alleged in

the indictment.  Petitioner agreed with the Court's rendition of his conduct without objection.  At the conclusion of the hearing, the Court found Petitioner's plea knowing and voluntary.

Petitioner appeared for sentencing on March 16, 2012. (Sentencing Mins. [Dkt. 322] at 1.)  Following argument, the Court sentenced petitioner to 188 months on the conspiracy charge and 60 months on the weapons charge.  (Judgment [Dkt. 329] at 2.)  Petitioner did not notice an appeal.

On March 14, 2013, Petitioner filed the instant motion to vacate along with a supporting memorandum of law.  (Mot. to Vacate at 14; Pet'r's Mem. [Dkt. 440] at 1.)  Petitioner's filings assert the following grounds for relief: (1) "Defense counsel was ineffective during plea negotiations where he lied to Defendant, making the plea unknowing and involuntary"; (2) "Defense attorney was ineffective for failing to file an appeal, when instructed to do so"; and (3) "Defense counsel was ineffective for failing to be present at presentence investigation and failing to review or file objections to the presentence report."  (Pet'r's Mem. at 2, 4, 5.)  The merits of these allegations are addressed below.

## II. Standard of Review

A motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 allows a prisoner to challenge the

4

legality of his sentence on four grounds: (1) "the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "the court was without jurisdiction to impose such sentence"; (3) "the sentence was in excess of the maximum authorized by law"; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The petitioner bears the burden of demonstrating his grounds for relief by a preponderance of the evidence. *See Hall v. United States,* 30 F. Supp. 2d 883, 889 (E.D. Va. 1998).

A motion brought under § 2255 is not intended to be a substitute for appeal. Claims regarding trial or sentencing errors that could have been, but were not, raised on direct appeal are procedurally barred from review under § 2255. *See Bousley v. United States*, 523 U.S. 614, 621–22 (1998). Nevertheless, an exception applies for claims of ineffective assistance of counsel. *See United States v. Martinez,* 136 F.3d 972, 979 (4th Cir. 1998); *United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997) ("[I]t is well settled that a claim of ineffective assistance should be raised in a 28 U.S.C. § 2255 motion in the district court rather than on direct appeal, unless the record conclusively shows ineffective assistance." (citation omitted)).

Under the standard promulgated in *Strickland v. Washington,* 466 U.S. 668 (1984), a petitioner is required to

demonstrate two elements in order to state a successful claim for ineffective assistance: (1) "counsel's representation fell below an objective standard of reasonableness"; and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 688, 694.

To establish constitutionally deficient performance under the first prong, a petitioner must demonstrate that his lawyer "made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *Strickland,* 466 U.S. at 687.  Such a showing must go beyond establishing that counsel's performance was below average, since "effective representation is not synonymous with errorless representation." *Springer v. Collins,* 586 F.2d 329, 332 (4th Cir. 1978); *see also Strickland,* 466 U.S. at 687.  Given it is all too easy to challenge an act, omission, or strategy once it has proven unsuccessful, "every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland,* 466 U.S. at 689.

In assessing performance, a court must apply a "heavy measure of deference to counsel's judgments." *Strickland,* 466 U.S. at 691.  A lawyer's decision not to pursue a defense does

not constitute deficient performance if, as is typically the case, the lawyer has a reasonable justification for the decision.  "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Id.* at 690.  Moreover, "strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Id.* at 690-91.

The second prong requires a petitioner to "affirmatively prove prejudice," which necessitates a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*.  The district court applies a slightly modified prejudice standard when a petitioner alleges ineffective assistance associated with the entry of a guilty plea, requiring the petitioner to demonstrate that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart,* 474 U.S. 52, 59 (1985).

### III. Analysis

Petitioner's claims of ineffective assistance are addressed in turn, keeping in mind that he bears the burden of establishing both deficient performance and prejudice. *See Strickland*, 466 U.S. at 700.

### 1. Plea Negotiations

Petitioner first argues that counsel provided ineffective assistance during plea negotiations. (Pet'r's Mem. at 2-4.) According to Petitioner, counsel lied to him regarding his sentencing exposure and allowed the "10-year plea offer to expire." (*Id.* at 4.) Petitioner also alleges that counsel improperly waived the speedy trial deadlines without his consent. (Delgado-Salinas Aff. [Dkt. 437-2] ¶ 4.) Thus, concludes Petitioner, his resulting guilty plea was unknowing and involuntary. (Pet'r's Mem. at 3.) As explained below, the Court finds these arguments unconvincing.

First, Petitioner cannot mount a successful claim of ineffective assistance based on counsel's alleged inaccurate predictions of his sentencing exposure given the Court clearly corrected such information in the ensuing plea colloquy. *See United States v. Foster*, 68 F.3d 86, 88 (4th Cir. 1995) ("[I]f the information given by the court at the Rule 11 hearing corrects or clarifies the earlier erroneous information given by the defendant's attorney and the defendant admits to

8

understanding the court's advice, the criminal justice system must be able to rely on the subsequent dialogue between the court and defendant." (citation and internal quotation marks omitted)).  During Petitioner's plea hearing, the Court advised Petitioner of the potential penalties associated with his convictions, the consequences of pleading guilty, and that his sentence would be determined by the Court.  This colloquy was sufficient to cure any potential prejudice from counsel's alleged misinformation.  *See Foster*, 68 F.3d at 88. Petitioner's plea agreement also accurately listed the potential punishments for his crimes.  (Plea Agreement at 1-2.) Accordingly, even if counsel improperly advised Petitioner regarding his sentencing exposure, which is itself unsupported by the record, (Kiyonaga Aff. at 1-2.), this argument cannot stand.  *See Rahman v. United States*, Nos. 7:08-CR-126-D, 7:10-CV-69-D, 2013 WL 3984435, at *2 (E.D.N.C. Aug. 1, 2013) ("[A] petitioner cannot mount a successful claim of ineffective assistance based on counsel's inaccurate prediction of the petitioner's likely sentence where the court corrects such misinformation at the Rule 11 hearing." (citations omitted)).

The Court similarly rejects Petitioner's claim that counsel rendered ineffective assistance by allowing the Government's "10-year plea offer to expire." (Pet'r's Mem. at 4.)  This position is flatly contradicted by the record, which

shows that counsel communicated every plea offer and repeatedly advised Petitioner to take the "10-year plea" when offered. (Kiyonaga Aff. at 1-2.)  Petitioner's sworn statements at his plea hearing also refute this allegation.  *See Rahman*, 2013 WL 3984435, at *3 ("The court must dismiss claims that rely on allegations that contradict sworn statements at the Rule 11 hearing." (citation omitted)).  Petitioner chose to gamble on a better deal closer to trial and lost.  Although Petitioner may now have "buyer's remorse" concerning the plea offer he passed up, he has set forth no credible evidence establishing that counsel was ineffective in this regard.

Finally, counsel's alleged failure to obtain Petitioner's consent before waiving the speedy trial deadlines is insufficient to sustain a claim of ineffective assistance. *See United States v. Jamison*, Nos. 4:05-cr-00025, 4:08-cv-80030, 2008 WL 2199497, at *4 n.6 (W.D. Va. May 27, 2008) (rejecting ineffective assistance claim based on speedy trial waiver because such a decision is tactical in nature); *Smith v. United States*, Nos. 5:03-CR-195-FL, 5:07-CV-83-FL, 2007 WL 3112420, at *3 (E.D.N.C. Oct. 22, 2007) (same).  In any event, this allegation is frivolous and refuted by counsel's sworn affidavit, which the Court finds credible.  *See Ecker v. United States,* No. 1:11cv1006 (LMB), 2012 WL 6214356, at *7 (E.D. Va.

Dec. 12, 2012) (rejecting petitioner's ineffective assistance claim on grounds that the record contradicted his arguments).

Unfortunately for Petitioner, there is simply no evidence outside of his conclusory statements to support these claims. As best the Court can discern, Petitioner made a deal and he is now unhappy with the result. There is nothing to indicate that counsel failed to adequately represent Petitioner's interests prior to the guilty plea. Accordingly, Petitioner's first ground for relief will be denied.[1]

2. Appeal Waiver

Petitioner next argues that counsel rendered ineffective assistance when he refused to file a notice of appeal on Petitioner's behalf. (Pet'r's Mem. at 4-5.) Petitioner maintains he specifically asked counsel to file an appeal but counsel ignored his request. (*Id.*)

The Supreme Court has stated that counsel's failure to file a notice of appeal requested by a defendant is *per se* ineffective assistance. *See Roe v. Flores-Ortega,* 528 U.S. 470, 483-86 (2000). The Fourth Circuit has interpreted *Flores-Ortega* to mean that "an attorney is required to file a notice of appeal

---

[1] Although not raised as a separate ground for relief, Petitioner also asserts that counsel failed to adequately investigate his case prior to the guilty plea. (Delgado-Salinas Aff. ¶¶ 1, 3.) Petitioner's argument is wholly conclusory and therefore insufficient to warrant relief. *See United States v. Worley*, No. 1:05CR00076, 2008 WL 4850586, at *3 (W.D. Va. Nov. 7, 2008) (denying petitioner's claim of insufficient investigation where she neglected "to state specific facts concerning the type of investigation and preparation counsel failed to make").

when unequivocally instructed to do so by his client, even if doing so would be contrary to the plea agreement and harmful to the client's interests." *United States v. Poindexter,* 492 F.3d 263, 273 (4th Cir. 2007).  In *Poindexter*, the Fourth Circuit further instructed that "when a defendant brings a § 2255 claim based on his attorney's failure to file a requested notice of appeal, the district court should hold a hearing if it is unclear in the record whether the attorney was so instructed." *Id.* at 272.

Outside of his pleadings and self-serving affidavit, Petitioner offers no evidence to sustain this argument.  In fact, the record strongly supports the conclusion that Petitioner did not unequivocally ask counsel to file an appeal. First, there is the tactical reality that Petitioner specifically waived his right to appeal and he would have lost the benefit of any downward departure had he breached this term. (Plea Agreement at 14-15.)  Moreover, in his sworn affidavit, counsel categorically contradicts Petitioner's claim, stating that Petitioner never asked him to file an appeal.  *See Martin v. United States*, 395 F. Supp. 2d 326, 330-31 (D.S.C. 2005) (denying ineffective assistance claim based, in part, on counsel's credible affidavit stating that petitioner never requested an appeal).

12

Given the facts in the record, the Court finds that an evidentiary hearing would not assist the decisional process and would involve an unnecessary expenditure of judicial resources. Because the Court had the opportunity to observe Petitioner's demeanor at his plea and sentencing hearings, and has had dozens of opportunities to observe defense counsel, a credibility finding can be made on the record already established. That record includes blatant contradictions between Petitioner's pleadings and the statements he made under the penalty of perjury during his plea colloquy. These contradictions strongly undercut the trustworthiness of his claim that he directed counsel to file a notice of appeal. Moreover, counsel's sworn denial of Petitioner's allegation is extremely credible. (Kiyonaga Aff. at 1-2.) Counsel is a well-respected member of this bar and his track record of adequately representing his clients is well known to the Court. For all of these reasons, the Court finds that Petitioner has not sustained his burden of proof on his claim that he unambiguously directed counsel to notice an appeal.

Furthermore, given Petitioner's appeal waiver and the facts of this case, counsel's decision to omit an appeal was not ineffective assistance. *See United States v. Ranking*, No. 3:09cr130-HEH, 2013 WL 4060576, at *21 (E.D. Va. Aug. 9, 2013) (noting that if an attorney receives no express instruction to

file a notice of appeal, a court must determine whether counsel's failure to consult with the defendant and file an appeal itself constitutes deficient performance); *United States v. Brown*, No. 3:08CR488-6, 2013 WL 3967335, at *6-8 (E.D. Va. Aug. 1, 2013) (finding counsel did not have a duty to file an appeal, or consult with defendant regarding the same, where defendant pled guilty, waived his right to appeal, and did not object during sentencing); *United States v. Ashby*, No. 1:10CR00048-002, 2013 WL 1122650, at *4-5 (W.D. Va. Mar. 18, 2013) (same).  Accordingly, this claim of ineffective assistance will be dismissed without an evidentiary hearing.

### 3. Presentence Investigation Report

Lastly, Petitioner claims that counsel was ineffective for failing to review the presentence report with him prior to sentencing.  (Pet'r's Mem. at 5-6.)  Petitioner further claims that he "was prejudiced by . . . counsel's failure to identify and challenge sentencing enhancements and lack of departure for his extensive cooperation with the Government."  (*Id.* at 7.)  As explained below, these arguments are meritless.

First, Petitioner's assertion that he never reviewed the presentence report with counsel prior to sentencing is confuted by the record.  During sentencing, the Court specifically asked Petitioner if he had gone over the report with his lawyer.  (Sentencing Tr. [Dkt. 455] 3:21-25.)

14

Petitioner answered in the affirmative.  (*Id.* at 4:1-11.)

Petitioner has not offered any convincing evidence that would

undermine these sworn statements.  Consequently, Petitioner is

bound by these declarations, and his current allegations to the

contrary must be rejected.  *See Fields v. Attorney Gen. of Md.,*

956 F.2d 1290, 1299 (4th Cir. 1992) ("Absent clear and

convincing evidence to the contrary, a defendant is bound by the

representations he makes under oath during a plea colloquy.");

*see also United States v. Lemaster,* 403 F.3d 216, 221 (4th Cir.

2005) ("[I]n the absence of extraordinary circumstances . . .,

allegations in a § 2255 motion that directly contradict the

petitioner's sworn statements made during a properly conducted

Rule 11 colloquy are always 'palpably incredible' and 'patently

frivolous or false.'" (citations omitted)).  Moreover, in his

sworn affidavit, counsel affirms that he reviewed the

presentence report with Petitioner.  (Kiyonaga Aff. at 2.)

Obviously, counsel cannot be found ineffective for failing to do

something that he in fact did.  *See Rahman*, 2013 WL 3984435, at

*3.

        Petitioner's argument that counsel failed to raise the

issue of his cooperation with the Government collapses under

this same rationale.  Counsel did advise the Court of

Petitioner's assistance.  (Def.'s Position on Sentencing [Dkt.

290] at 2.)  As outlined in the plea agreement, whether to grant

a downward departure rests solely within the Government's discretion.  (Plea Agreement at 9.)  Counsel adequately presented Petitioner's cooperation, and the Government's decision to withhold a downward departure cannot constitute ineffective assistance under these circumstances.  *See Hodge v. United States*, Nos. 4:12-cv-732-TLW, 4:08-cr-1082-TLW, 2013 WL 1567419, at *4 (D.S.C. Apr. 15, 2013); *Baker v. United States*, Nos. 1:07CV339-03-T, 1:05CR223, 2007 WL 4180588, at *4 (W.D.N.C. Nov. 20, 2007).

Petitioner's final point – that "counsel[ ] fail[ed] to identify and challenge sentencing enhancements" – is too indefinite and conclusory to permit review.  (Pet'r's Mem. at 7.)  Petitioner's vague assertion that counsel should have challenged certain unidentified sentencing enhancements is insufficient.  *See United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013) ("[V]ague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court."); *see also United States v. Abdelshafi*, No. 3:07CR428-HEH, 2013 WL 4773978, at *5 (E.D. Va. Sept. 5, 2013).  In any event, the Court has reviewed the presentence report along with counsel's conduct at sentencing and it is apparent that his conduct falls within "wide range of reasonable professional assistance" permitted under *Strickland*. 466 U.S. at 689.

16

In sum, Petitioner has failed to meet his burden as to any of his claims of ineffective assistance.  The record reflects that counsel competently represented Petitioner throughout all stages of his criminal proceeding.  Consequently, Petitioner is not entitled to relief on these charges.

### IV. Conclusion

For the foregoing reasons, the Court will dismiss Petitioner's Motion.  An appropriate Order will issue.

/s/
_____

January 23, 2014                    James C. Cacheris
Alexandria, Virginia        UNITED STATES DISTRICT COURT JUDGE
